IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-01374-WDM-MEH

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

KENNETH W. DIFONZO,

    Defendant.

## CONSENT DECREE AND ORDER

Miller, J.

    This matter is before me on Plaintiff's motion for entry of final judgment, filed July 2, 2007. The parties have agreed to settle this case and have consented to the entry of an order substantially identical to the proposed order attached as exhibit 2 to Plaintiff's motion.[1] Having reviewed the pertinent portions of the record in this case, I conclude that the terms of the proposed order are appropriate, as modified below.

    Accordingly, it is ordered:

1.    Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Rule 13b2-1 of the Securities Exchange Act of 1934 (the "Exchange Act") [17 C.F.R. § 240.13b2-1] by, directly or indirectly, falsifying or causing to

---

[1] Although Defendant has consented to the entry of final judgment against him, he does so without admitting or denying the allegations of the Complaint, except as to jurisdiction.

      be falsified, any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

2. Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m(b)(2)(A) and 78m(b)(2)(B)] and Rules 12b-20, 13a-1, and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-13], by knowingly providing substantial assistance to an issuer having securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], or any issuer which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. §78o(d)], by:

    a. filing or causing to be filed with the Securities and Exchange Commission any report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and the rules and regulations promulgated thereunder, which contains any untrue statement of material fact, which omits to state any material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or which omits to disclose any information required to be disclosed; or

    b. failing to make and keep books, records, and accounts which, in

        reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; or

    c.    failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (1) transactions are executed in accordance with management's general or specific authorization; (2) transactions are recorded as necessary (a) to permit preparation of financial statements in conformity with Generally Accepted Accounting Principles ("GAAP") or any other criteria applicable to such statements and (b) to maintain accountability for assets; (3) access to assets is permitted only in accordance with management's general or specific authorization; and (4) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

3.    Defendant is liable for: (A) disgorgement of (1) $139,988, together with prejudgment interest thereon in the amount of $65,590, and (2) $136,296, representing the market value, determined on June 28, 2007, of 5,048 shares of ConAgra Foods, Inc. ("ConAgra") common stock; and (B) divestiture of 20,192 unexercised ConAgra common stock options (the above-mentioned disgorgement and divestiture representing profits, stock and options gained as a result of the conduct alleged in the Complaint). Defendant, previously having surrendered 8,712 ConAgra common stock options to ConAgra for cancellation, should surrender an additional 11,480 ConAgra common stock options to ConAgra for cancellation.

Defendant shall satisfy his obligations by surrendering the ConAgra common stock options to ConAgra for cancellation within ten business days of the entry of this Final Judgment, and by paying $341,874 within ten business days to the Clerk of this Court, together with a cover letter identifying Kenneth W. DiFonzo as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") established in the related civil matter entitled SEC v. James Charles Blue et al., No. 07-CV-00095 REB-MEH. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held by the CRIS until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the

        Judicial Conference of the United States.  The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Moreover, in the event the Fund is distributed through a Related Investor Action, no Fund payments shall be distributed as payment for attorneys' fees or expenses incurred in a Related Investor Action, nor shall any Fund payments be considered in calculating the attorneys' fees or expenses counsel would be entitled to collect in a Related Investor Action.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

4. Defendant's statement of Consent (Ex. 1 to Docket No. 2) is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

5. This Court will retain jurisdiction for purposes of enforcing this judgment.

6. Judgment shall enter accordingly.

DATED at Denver, Colorado, on August 15, 2007.

                                            BY THE COURT:

                                            s/ Walker D. Miller
                                            United States District Judge